## MARGARETTA M. ROSS

*v.*

## MARY MACKENEY.

1. Where the owner of a parcel of land located in a city and upon a public street, the surface of which land is so depressed as to allow the surface-water on a portion thereof as well as the waters on an adjoining lot to collect in such depression and to flow to the public street over the other portion, sells the portion on which the waters so collect and retains the balance, and the waters are permitted to collect and flow in the same direction, crossing the dividing line between the lot sold and the one retained at the same place, for over twenty years, the owner of the lot so retained will be prohibited by injunction from obstructing the flow of said water.

2. The fact that during all the period of time named the complainant and her grantors had the surface of her lot over which the water flowed covered with brick, so that no channel was cut in the soil, does not lessen her rights.

---

On bill, answer and proofs.

*Mr. J. Kearny Rice,* for the complainant.

*Mr. John S. Voorhees,* for the defendant.

BIRD, V. C.

The allegations are, that the complainant is and has been, since August, 1865, the owner of a house and lot of land in the city of New Brunswick, so located that the water which falls thereon during rains and which collects there from melting snows, and which falls and collects on an adjoining lot of a greater elevation, flows on to and off the lot of complainant to and on to the lot of the defendant, and from thence to the street; and that the water so falling and collecting have so been want and accustomed to flow immemorially by an ancient stream or water-course; and that the defendant obstructed the flow of the said water, thereby causing the water to flow into the dwelling of the complainant, and thereby inflicting great damage to the complainant. Relief is sought by an injunction.

The defendant, by her answer, admits that the land is so located that surface-water will flow as is stated in the bill, but denies that there is or ever has been any living stream, or any other stream of water whatever, flowing across or over the lands of the complainant to and over the lands of the defendant.

The proof is, that the lands now owned by the complainant and the defendant were once owned as one parcel by the same person, and that the waters which collected on the lot now owned by the complainant flowed over and off from it on to that parcel now owned by the defendant, as they did at the time of the alleged obstruction. Such owner conveyed the premises which the complainant purchased in 1865, retaining the ownership and possession of the lot now owned by the defendant; and at the time he conveyed the complainant's lot the said waters flowed over and therefrom on to the portion he so retained. It is proved, beyond any reasonable doubt, that ever since such severance, as well as long before, the said waters have flowed over and across the lot of the complainant and to and over the lot of the defendant, as it is alleged they did at the time of the obstruction. Besides the waters from rains and snow aforesaid, all the waters collecting upon the house of the complainant since its erection before her purchase have also flowed in the same manner and direction. A portion of the space over which the water

flows on the lot of complainant is covered by bricks, the water flowing over the bricks. If the complainant be in the right, the damage to her dwelling is of that irreparable nature which entitles her to relief by injunction; therefore, the only question is, whether or not these facts make such a case as entitles the complainant to equitable relief. The defendant insists that said water is only surface-water, not being a living stream depending upon its supply from water springing from the ground, either all or any portion of the year, and that there is not nor has there ever been any channel to mark or direct the flow. She further insists that whatever may be declared to be the rule in sparsely-settled districts, when cities have sprung up it has been declared, in a great majority of cases, that the owner of every lot must take care of the surface-water thereon, for the reason that to allow it to pass from one to the other would prevent the development and growth of cities.

In my judgment, since the case of *Earl* v. *De Hart, 1 Beas. 280,* stands unreversed, which, both as to the pleadings and the proofs, is so very similar to the one now under consideration, there is no possible ground for argument or reason for delay in this case.

It is plainly the duty of the trial court to be governed by such precedents, especially when, as in that case, it is unanimously affirmed in the court of last resort. The waters referred to in this case have always flowed in the same ·direction, both over the lands of the complainant and the defendant. They so flowed before and at the time of the severance of the title, which was several years before the complainant purchased. The owner of both parcels at the time of the severance, and so long after as he retained the title of the defendant's lot, permitted the waters so to continue to flow without obstruction or objection. Nor has there been any obstruction or objection until just previous to the time of filing this bill. During the entire period, so far as the memory of man runneth, the waters have collected on the complainant's land and flowed thereon and therefrom in the same course, crossing the line between her lot and the defendant's lot at the same place into an alley-way, following it to the public

street. The place at which it crosses said dividing line is where a gate is and has been hung ever since the erection of the complainant's house, over twenty-five years ago, which gate has always been hung so high as to let all of the water freely pass thereunder.

The only difference in fact or circumstance between this case and that of *Earl* v. *De Hart,* is, that there is no cut or worn channel produced by the flow of the water in this as in that. In this case the surface of the ground in the rear of the complainant's house is and has been, for a long period of time, covered with bricks, and the waters collecting have flowed over these bricks in the same direction to and under the gate referred to during the period of time in question. The absence of any defined channel or cut made in the soil cannot make for the defendant, since, for the convenience of the complainant, the surface of her lot has been protected by such means as to preserve the lot and prevent the waters from carrying away the soil, and thereby opening and continuing open a channel, and especially so since the water has always crossed the dividing line at precisely the same place, and most especially since whether the water flows over the bricks or the naked soil without a channel, or with one whether two or ten inches deep, has imposed no additional burdens upon the defendant's lot. The case of *Earl* v. *De Hart* is reported in *72 Am. Dec. 395,* to which is appended a most valuable note showing the extent to which this court has jurisdiction, and giving numerous authorities in which the principles laid down in *Earl* v. *De Hart* have been considered and followed.

I think the complainant is entitled to the relief prayed for.